IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOWN OF DAVIE, FLORIDA

    Defendant.

## COMPLAINT

Plaintiff United States of America ("United States") alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), § 2000e-6(b) and 28 U.S.C. § 1345.

3. Defendant, Town of Davie, Florida ("Davie"), is a corporate, governmental body, and a political subdivision of the State of Florida, established pursuant to the laws of the State of Florida. Davie is located in Broward County, Florida, within the jurisdiction of this Court.

4. Davie established the Davie Fire Rescue Department (the "Fire Department"). The Fire Department is part of Davie and not a separate legal entity.

5. Davie is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

6. In early 2008, the Fire Department, which requires its female firefighters to notify Davie upon learning of a pregnancy, adopted a new policy or practice for handling pregnant firefighters.

7. Though the Fire Department operates under a written policy that allows the Fire Chief discretionary authority to grant employee requests for light duty assignments, since 2008 the Fire Department also has uniformly operated under a policy or practice of not granting a pregnant firefighter light duty until the start of her second trimester regardless of her medical or physical needs.

8. Despite the restriction on a pregnant firefighter's ability to obtain light duty in her first trimester, the Fire Chief has granted other firefighters' requests for light duty needed because of non-work related injuries.

9. Despite the restriction on a pregnant firefighter's ability to obtain light duty in her first trimester, the Fire Chief maintains a policy or practice of granting other firefighters' requests for light duty needed because of non-work related injuries within 7 to 10 work shifts (approximately 21 days) of the request.

10. Since 2008, the Fire Department has also required pregnant firefighters to leave active firefighting duty upon the start of their second trimester regardless of their ability to fulfill the essential functions of their position. Starting with the second trimester, the pregnant firefighter is allowed a light duty assignment or may take their own sick or annual leave until they are done with their pregnancy.

11. The acts, policies and practices of the Fire Department described in paragraphs 6 - 10, above, constitute a pattern or practice of intentional resistance to the full enjoyment of the rights of pregnant females employed by defendant to equal employment opportunities without

discrimination based on sex and pregnancy, in violation of § 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6.

12. All conditions precedent to the filing of this Complaint have been performed or have occurred.

WHEREFORE, plaintiff United States prays that this Court grant the following relief:

a. Enjoin defendant and all officers, agents, employees, successors and all persons in active concert or participation with it, from denying any employee who is pregnant or may become pregnant equal access to a light duty assignment as that enjoyed by any employee suffering from a non-work related injury;

b. Enjoin defendant and all officers, agents, employees, successors and all persons in active concert or participation with it, from subjecting any employee who is pregnant or may become pregnant to a policy or practice that discriminates on the basis of sex and pregnancy by requiring mandatory light duty or the mandatory use of sick or leave time without inquiring into the individual's ability to perform the essential duties of her job;

c. Require defendant to:

   ii. adopt a policy regarding light duty for pregnant employees that complies with Title VII;

   iii. adopt a policy that establishes an effective mechanism for receiving and responding to complaints of sex and pregnancy discrimination;

   iii. provide adequate training to all of defendant employees and officials who are responsible for making determinations regarding complaints of sex and pregnancy discrimination; and

3

iv.  take other appropriate nondiscriminatory measures to overcome the effects of sex and pregnancy discrimination.

The Plaintiff United States prays for such additional relief as justice may require, together with its costs and disbursements in this action.

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

BY: _____
DELORA L. KENNEBREW (GA Bar No. 414320)
Chief

_____
KAREN D. WOODARD (MD Bar - no number issued)
Deputy Chief

_____
JEFFREY G. MORRISON (MO Bar No. 44401)
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4613
Washington, DC  20530
Telephone:  (202) 353-1845
Facsimile:   (202) 353-8961
Email: jeffrey.morrison@usdoj.gov

WIFREDO A. FERRER
U.S. Attorney
Southern District of Florida

BY: _____
VERONICA HARRELL-JAMES (Florida Bar No.: 644791)
Assistant United States Attorney
99 N.E. 4th Street, 3rd Floor
Miami, Florida  33132
Telephone: (305) 961-9327
Facsimile: (305) 530-7139

Attorneys for the United States of America